JOHN H. CAESAR, EMPLOYEE v. PIEDMONT PUBLISHING COMPANY, EMPLOYER AND TRAVELERS INSURANCE COMPANY, CARRIER

No. 7910IC1066

(Filed 6 May 1980)

Master and Servant § 73— workers' compensation—amputation of portion of thumb—rate of compensation

    Where the distal portion of an employee's left thumb was amputated, the rate of compensation for permanent partial disability was not limited to 25% under Industrial Commission Rule XV(1) for partial loss of the thumb itself, and the employee could be compensated at a higher rate under G.S. 97-31(1) and (19) for loss of use of the thumb.

APPEAL by defendants from an opinion and award of the North Carolina Industrial Commission entered 31 July 1979. Heard in the Court of Appeals 25 April 1980.

The parties stipulated that at the time of the injury by accident the parties were subject to the provisions of the Workmen's Compensation Act; that the carrier on the risk was Travelers Insurance Company; that plaintiff's average weekly wage was $166.00; that plaintiff sustained an injury by accident arising out of and in the course of his employment on 2 June 1977 and further stipulated into evidence five medical records including medical reports of Dr. J. E. Jennings, the initial treating physician, and Dr. Bostic.

At a hearing on 12 February 1979 held before Deputy Commissioner Dianne C. Sellers, plaintiff's evidence tended to show that he sustained an injury by accident arising out of and in the course of his employment when a truck door slammed shut on the distal portion of his left thumb. The medical report of Dr. Jennings indicated that after the accident on 21 June 1977 the distal portion of plaintiff's left thumb was amputated. On 24 August 1977, Dr. Jennings rated plaintiff as having a 20% permanent partial disability of the thumb. On 6 April 1978, Dr. Bostic evaluated plaintiff's condition and on examination found that plaintiff has approximately 3/8ths of an inch of the distal phalanx as a remanent; that the thumbnail grows across the end of the phalanx cupping completely around and tending to grow into the palmer surface; that there is a slight amount of motion in the DIP joint but that plaintiff does not seem to have active flexion function although he can extend the flexed digit. Dr. Bostic rated plaintiff as having an 85% to 90% disability of the thumb itself because of the shortening and the inability to use the thumb in a functional way because of residual sensitivity. Dr. Bostic also rated plaintiff as having a 20% to 25% permanent disability of the left hand in its entirety. Plaintiff testified that his thumb was extremely sensitive and that he could not use it; that he could not apply any pressure to it; that it was sensitive to the cold; that he could not hold a cup, button buttons or tie his shoes using his thumb because of pain.

In an opinion and award filed 5 April 1979 Deputy Commissioner Sellers found the following pertinent fact:

> 6. On viewing the plaintiff's thumb, the undersigned found that the amputation is distal to the base of the thumbnail. However, in view of the joint involvement and the subsequent functional loss, plaintiff has sustained a 68⅓% permanent partial disability of his left thumb as a result of said injury by accident. Plaintiff was temporarily totally disabled until August 29, 1977, which is the first day plaintiff returned to work after the amputation surgery.

Deputy Commissioner Sellers awarded plaintiff compensation in accordance with the 68⅓ percent rating.

Defendants appealed to the Full Commission contending that it was error for the hearing officer to fail to follow Rule 15,

subsection 1, of the Rules of the Commission and find that plaintiff was entitled only to 25% permanent partial disability of the left thumb. On 31 July 1979, the Full Commission adopted the decision of the Deputy Commissioner and affirmed the award. Defendants appealed.

*Westmoreland and Sawyer, by Laura F. Sawyer, for plaintiff appellee.*

*Hutchins, Tyndall, Bell, Davis & Pitt, by Richard Tyndall and Richard V. Bennett, for defendant appellants.*

MARTIN (Robert M.), Judge.

The sole question presented for review is whether the Commission erred in failing to find that the plaintiff was entitled to 25% permanent partial disability of the left thumb under Rule XV(1) of the Rules of the Industrial Commission.

The North Carolina Industrial Commission has the authority to make rules, not inconsistent with the Workers' Compensation Act, for carrying out the provisions of that Act, pursuant to G.S. 97-80(a). Accordingly, the Commission formulated Rule XV(1) which states: "Amputation of any portion of the bone of a distal phalange of a finger or toe at or distal to the visible base of the nail will be considered as equivalent to the loss of one-fourth (¼) of such finger or toe." Defendant argues that when compensation is awarded under G.S. 97-31(1) for the loss of a thumb, the rate of compensation is limited to 25% under Rule XV(1) for the amputation of the above portion of the thumb. We do not agree.

In awarding compensation for permanent partial disability at the rate of 68⅓ percent, the Commission considered the functional loss of the use of the thumb as a whole. In so doing, the Commission did not interpret Rule XV as an exclusive limitation on the rate of compenation for an injury involving the amputation of a portion of a finger. Rather the Commission construed Rule XV in conjunction with G.S. 97-31(19) which provides: "The compensation for partial loss of or for partial loss of use of a member . . . shall be such proportion of the periods of payment above provided for total loss as such partial loss bears to total loss. . .". Therefore, when plaintiff can prove a case under either partial loss of a member subject to Rule XV or partial loss of the use of

that member, he is entitled to compensation under either heading. *See* 2 A. Larson, The Law of Workmen's Compensation § 58.20 (1976). This interpretation is consistent with the plain and explicit language of G.S. 97-31(19) which provides for an award in the alternative for either loss of or loss of use of a member.

The injured employee is entitled to an award which encompasses all injuries received in the accident. *Perry v. Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978). Had the initial reimplantation of plaintiff's thumb been successful, plaintiff would nevertheless be entitled to compensation for any loss of use of the thumb which may have resulted from the injury. Because a portion of plaintiff's thumb was later amputated, we do not think plaintiff's recovery is confined to the less favorable remedy for amputation when he can prove a greater loss of use of the member as a whole. The Commission properly awarded plaintiff compensation for the functional loss of his finger under G.S. 97-31(1) and 97-31(19).

The order of the Commission is

Affirmed.

Judges WEBB and HILL concur.