MARY B. HOLDER, EMPLOYEE, PLAINTIFF v. NEUSE PLASTIC COMPANY, EM-
PLOYER, FEDERAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8210IC190

(Filed 1 February 1983)

**Master and Servant § 67.1— workers' compensation—permanent partial disability
of both back and leg—propriety of award**

The Industrial Commission properly awarded compensation for permanent
partial disability of both plaintiff's back and her leg although there was
evidence that pain in and loss of use of plaintiff's leg were related to her back
injury.

APPEAL by defendants from opinion and award of the North Carolina Industrial Commission filed 18 September 1981. Heard in the Court of Appeals 11 January 1983.

Defendants appeal from an award of workers' compensation to plaintiff for permanent partial disability of her back and leg.

*Gene Collinson Smith for plaintiff appellee.*

*Young, Moore, Henderson and Alvis, P.A., by B. T. Henderson, II, Edward B. Clark, and William F. Lipscomb, for defendant appellants.*

Holder v. Neuse Plastic Co.

WHICHARD, Judge.

The issue is the propriety of awarding compensation for permanent partial disability of both plaintiff's back and her leg. Relying on *Little v. Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978), and *Perry v. Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978), we affirm the award.

Defendants admitted that plaintiff sustained an injury by accident arising out of and in the course of her employment. By agreement they paid compensation for a back injury sustained in the accident, and they do not except to the award here of further compensation for that injury.

Their exception is to a finding that in addition to the back injury plaintiff sustained a fifty percent permanent partial disability of her leg, and to the award of compensation therefor. Our review is limited to whether there was competent evidence to support the finding, and whether the finding supports the conclusion that compensation should be awarded. *Perry v. Furniture Co., supra*, 296 N.C. at 92, 249 S.E. 2d at 400; *Smith v. Central Transport*, 51 N.C. App. 316, 319, 276 S.E. 2d 751, 753 (1981).

The finding is amply supported by the following competent evidence:

Plaintiff testified that she had pain in and down her leg, and that she was numb down the leg. She stated: "The sensation in my leg is just pain real bad. There is numbness and it gives away [sic]. It becomes weak. I continue to have weakness and it has remained about the same since I came from the hospital."

An orthopedic surgeon testified that he had treated plaintiff commencing two days after the accident. She had complained initially, *inter alia*, of "experiencing pain in the right leg and some numbness in the right foot." She subsequently "continued complaints of primarily pain radiating into the right leg." After three surgical procedures plaintiff continued to experience back and right leg pain. She had demonstrable right calf atrophy, numbness in her right foot and leg, depression of the right ankle reflex, and weakness in the right calf musculature. In the witness' opinion plaintiff had a fifty percent disability of the back and "a 50 percent disability of the right leg as well." He estimated that

"with the back and leg disability, . . . she probably has a 75% disability of the body as a whole."

Because the foregoing competent evidence supports the disputed finding, the finding is conclusive on appeal. *Hollman v. City of Raleigh*, 273 N.C. 240, 245, 159 S.E. 2d 874, 877 (1968); *Pennington v. Flame Refractories, Inc.*, 53 N.C. App. 584, 586, 281 S.E. 2d 463, 465 (1981). Whether it supports the conclusion that compensation should be awarded becomes the issue.

In *Little v. Food Service, supra*, the uncontradicted evidence tended to show that an employee had sustained injury to her spinal cord resulting in incomplete use of her extremities. Our Supreme Court held that an award of workers' compensation based on the back injury alone was improper; and that if the Industrial Commission determined that plaintiff had suffered additional impairments, "the award must take into account these and all other compensable injuries resulting from the accident." *Little*, 295 N.C. at 531, 246 S.E. 2d at 746. That Court has since stated: "The *Little* decision mandates the payment of compensation for *all* disability caused by the work-related accident." *Morrison v. Burlington Industries*, 304 N.C. 1, 17, 282 S.E. 2d 458, 469 (1981) (emphasis supplied; emphasis in original omitted).

In *Perry v. Furniture Co., supra*, plaintiff was awarded compensation for a back injury only. The record contained evidence of pain in and loss of use of plaintiff's legs as well. The Supreme Court directed remand to the Industrial Commission, with the instruction that "[i]f, in addition to his back injury, [plaintiff] has suffered some loss of use of either or both legs, the Commission shall make findings of fact as to the amount and . . . issue an award . . . ." *Perry*, 296 N.C. at 95, 249 S.E. 2d at 402.

We find *Little* and *Perry* controlling, and the award of compensation for both plaintiff's back and leg injuries accordingly proper. "[T]he injured employee is entitled to an award which encompasses all injuries received in the accident." *Giles v. Tri-State Erectors*, 287 N.C. 219, 225, 214 S.E. 2d 107, 111 (1975); *Caesar v. Publishing Co.*, 46 N.C. App. 619, 622, 265 S.E. 2d 474, 476 (1980). Those injuries here include both back and leg disabilities.

Defendants contend that because plaintiff's medical expert testified that "the source of any difficulty to her right leg stems

Holder v. Neuse Plastic Co.

from the back," his back disability rating included the leg disability; and that there is thus no competent evidence to support the finding of permanent partial disability of plaintiff's leg as a result of the injury. We find the contention without merit for the following reasons:

Plaintiff's expert testified to his opinion of her back disability rating, and immediately thereafter testified that "she has a 50 percent disability of the right leg *as well*." (Emphasis supplied.) The use of the phrase "as well" constitutes evidence supporting a finding that plaintiff's back and leg disabilities were separate and distinct.

This witness also testified that "with the back and leg disability, . . . [plaintiff] probably has a 75% disability of the body as a whole." The fact that the witness, when considering the back and leg disabilities together, gave a disability rating to the body as a whole which exceeded that given to the back alone, is further evidence that he viewed the back and leg disabilities as discrete.

Finally, the evidence in *Little*, like that on which defendants rely here, indicated that an injury to plaintiff's spinal cord was the cause of "weakness in all of her extremities, and numbness or loss of sensation throughout her body." *See Little, supra*, 295 N.C. at 530-31, 246 S.E. 2d at 745 (emphasis omitted). The Supreme Court there held that the award, in addition to compensating for the plaintiff's back injury, must take into account and provide compensation for the non-spinal impairments as well.

Affirmed.

Judges ARNOLD and HILL concur.