JUANITA NASH, EMPLOYEE, PLAINTIFF v. CONRAD INDUSTRIES, INC., EMPLOYER, AND IOWA NATIONAL MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8210IC776

(Filed 21 June 1983)

1. **Master and Servant §§ 72, 96.1— workers' compensation—award for back disability—appeal to Full Commission—basis for award for knee disability**

    In a workers' compensation proceeding in which the Hearing Commissioner awarded plaintiff compensation for permanent partial disability to her back, plaintiff's exception to the Hearing Commissioner's finding regarding the extent of plaintiff's disability and her assignment of error to the Hearing Commissioner's failure to determine whether there had been a change of condition

Nash v. Conrad Industries

constituted a sufficient basis to permit the Full Commission to hear expert evidence concerning disability to plaintiff's knees and to award plaintiff additional compensation for permanent partial disability to her knees.

2. **Master and Servant § 72— workers' compensation—permanent partial disability**

The evidence supported a determination by the Industrial Commission that plaintiff suffered permanent partial disability to her knees.

3. **Master and Servant § 94.1— workers' compensation—temporary total disability—remand for findings**

A workers' compensation proceeding is remanded for findings as to whether plaintiff was temporarily totally disabled for any employment between 2 May 1980 and 1 October 1981 where plaintiff presented unrebutted evidence that she stopped working on 2 May 1980 and was rated for permanent partial disability on 1 October 1981; that after she became disabled from performing her usual job, she later tried working at "lighter work," but could not physically endure such work; that in June 1980 her physician advised her not to return to any industrial work; and that plaintiff's condition in June 1980 was such that she was physically able to do only light housework.

Judge HEDRICK concurring in part and dissenting in part.

APPEAL by plaintiff and defendants from an order of the North Carolina Industrial Commission entered 1 April 1982. Heard in the Court of Appeals 17 May 1983.

The record in this proceeding under the North Carolina Workers' Compensation Act discloses the following:

Plaintiff sustained a compensable injury on 7 June 1977. Plaintiff was out of work from the date of her injury until 12 March 1979, when she returned and worked until 2 May 1980. When plaintiff was first injured, she consulted Dr. C. McCullough, an orthopedic specialist. On 20 April 1978, at the direction of Dr. McCullough, plaintiff began seeing Dr. Van Blaricom, a neurosurgeon, who treated her until 15 February 1979, when she was referred back to Dr. McCullough. When plaintiff stopped working on 2 May 1980, she went back to Dr. Van Blaricom. Plaintiff stopped seeing Dr. Van Blaricom on 8 June 1980. From 2 May 1980 until the filing of the supplemental Opinion and Award by the Full Industrial Commission on 1 April 1982, plaintiff has worked only two days, 11 and 12 September 1980.

The first hearing in this matter was held before Commissioner Brown on 2 October 1980 where the plaintiff and Drs. McCullough and Van Blaricom testified. Pursuant to that hearing,

Commissioner Brown on 16 January 1981 entered an Opinion and made the following Award:

1. Defendants shall pay to plaintiff compensation benefits at the weekly rate of $120.13 for temporary total disability for the period beginning 8 June 1977 and ending 6 March 1979, less any payments previously made by the defendants for that temporary total disability. This amount having accrued shall be paid in a lump sum without commutation.

2. Defendants shall pay to plaintiff compensation benefits at the weekly rate of $120.13 for 19 percent permanent partial disability of her back for 57 weeks. This amount having accrued shall be paid in a lump sum without commutation.

3. Defendants shall pay all medical expenses incurred by plaintiff as a result of the injury by accident giving rise hereto, when bills for same shall have been submitted, through the carrier, to the Industrial Commission and approved by the Commission.

From the Opinion and Award of Commissioner Brown, plaintiff appealed to the Full Commission. On 23 July 1981, the Full Commission, after making findings of fact and conclusions of law, entered an Opinion and Award which, among other things, included the following:

1. Defendants shall pay plaintiff compensation for temporary total disability at the rate of $120.13 per week for the period 8 June 1977 to 6 March 1979 and shall also pay her compensation for permanent partial disability at the same rate for 57 weeks commencing 6 March 1979. All of such compensation having accrued, it shall be paid to plaintiff in a lump sum, less any payments previously made by defendants for temporary total disability and less the attorney fee hereinafter allowed. Additional amounts of compensation, if any, due plaintiff for temporary total and/or permanent partial disability shall be determined subsequently.

. . .

3. Defendants shall pay all medical expenses incurred by plaintiff as a result of the injury by accident giving rise

hereto, when bills for same have been submitted through the carrier to the Industrial Commission and approved by the Commission.

In the same Opinion and Award set out in part above, the Full Commission entered the following Comment and Order:

The evidence of record before the Full Commission is insufficient to permit a determination of the length of time which plaintiff remained temporarily totally disabled after 2 May 1980. Likewise, there is no evidence before the Full Commission regarding any additional permanent partial disability, if any, plaintiff sustains as a result of the condition found to exist at the L4, L5 level of her back.

The Full Commission therefore ORDERS defendants to make an appointment for plaintiff to see Dr. Van Blaricom at defendants' expense within 30 days of their receipt of this Opinion and Award. Dr. Van Blaricom is requested to examine plaintiff and to issue his report of his findings pertaining to plaintiff's physical condition to the Commission with copy to counsel for plaintiff and for defendants. Dr. Van Blaricom is further requested to give his opinion in his report on the questions whether plaintiff is able to work; if so, on what date she was able to return to work; whether plaintiff has reached maximum medical improvement and/or the end of the healing period with respect to the conditions he found in May and June of 1980; and whether plaintiff sustained any permanent partial disability to her back, as a result of such conditions, in addition to that he assigned as of 15 February 1979.

Upon receipt of Dr. Van Blaricom's report, this matter shall be REFERRED to the Full Commission for further appropriate disposition.

On 1 April 1982, the Commission after considering the additional deposition testimony of Drs. Van Blaricom and Montgomery, pursuant to the Order of 23 July 1981 entered its supplemental Opinion and Award wherein it made the following order:

1. In addition to amounts previously awarded, defendants shall pay plaintiff compensation at the rate of $120.13

per week for the period 2 May 1980 to 8 June 1980 and shall also pay her additional compensation for permanent partial disability to her back at the same rate for 15 weeks commencing 1 October 1981. Defendants shall pay plaintiff compensation at such rate for permanent partial disability to her legs for 28 weeks commencing 30 October 1981. As much of such compensation as has accrued shall be paid in a lump sum, subject to an additional counsel fee hereinafter awarded.

From the supplemental Opinion and Award, plaintiff and defendants appealed.

*Snyder, Leonard, Biggers and Dodd, P.A., by Gary A. Dodd for plaintiff.*

*Van Winkle, Buck, Wall, Starnes and Davis, by Roy W. Davis, Jr. and Allen R. Tarleton, for defendants.*

WELLS, Judge.

Defendants' Appeal

We note at the outset that defendants' contentions on appeal relate only to the award of additional compensation to the plaintiff for permanent partial disability to her knees.

[1] Defendants' several assignments of error present the single question of whether it was error to allow into evidence the opinion testimony of a medical expert and, on the basis of that testimony, award plaintiff additional compensation.

Defendants argue that the Industrial Commission should not have considered any evidence respecting any disability to plaintiff's knees. Defendants contend that plaintiff, in her Notice of Appeal of the Opinion and Award of the Hearing Commissioner and Application for Review by the Full Commission, did not contend that she was entitled to benefits for any disability to her knees and that any subsequent consideration by the Commission of evidence of plaintiff's knee disability was therefore improper.

G.S. 97-85 provides that upon timely application for review of an award by the Commission, the Full Commission will review the award. In its review, the Commission may, upon good ground,

reconsider evidence, take additional evidence, rehear the parties and, if appropriate, amend the award. *Id.* The power to review and reconsider evidence and amend awards carries with it the power to modify or strike out findings of fact and conclusions made by the deputy commissioner or hearing commissioner, even though no exception has been made by the parties. *Smith v. William Muirhead Construction Co.*, 27 N.C. App. 286, 218 S.E. 2d 717 (1975); *Garmon v. Tridair Industries, Inc.*, 14 N.C. App. 574, 188 S.E. 2d 523 (1972).

In support of their contention, defendants cite *West v. J. P. Stevens Co.*, 12 N.C. App. 456, 183 S.E. 2d 876 (1971), for the proposition that plaintiff's failure to assert a right to compensation for disability to her knees in her Notice of Appeal and Application for Review bars the Commission from taking and considering any evidence regarding that disability. *West* involves the sufficiency of a motion for modification of an award for a change in conditions under G.S. 97-47. Unlike *West,* the case before us concerns an appeal from an order modifying an award for a change in conditions. Defendants do not contest the sufficiency of plaintiff's initial motion pursuant to G.S. 97-47 and *West* therefore does not apply.

The basis for plaintiff's appeal from the Hearing Commissioner's Opinion and Award was that his findings of fact were not supported by competent evidence and the conclusions drawn from them were therefore improper. Further, plaintiff noted as error the failure of the Hearing Commissioner's Opinion and Award to determine the issue of whether there had been a change of conditions. The Hearing Commissioner's Opinion and Award made no finding of fact or conclusion as to any disability in plaintiff's knees. Defendants are attempting to argue that the absence of any mention in the Opinion and Award of plaintiff's knee disability amounts by implication to a finding of fact that there was no disability to the knees for which any additional compensation was appropriate and that plaintiff's appeal from that Opinion and Award should have excepted to this absence.

We disagree.

Plaintiff did except to the Hearing Commissioner's finding of fact that plaintiff had a nineteen percent disability of her back on the grounds that it was not supported by any competent evi-

dence. While plaintiff did not specifically mention the knee disability, plaintiff did except to the Hearing Commissioner's finding of fact regarding the extent of plaintiff's disability. *Compare Holder v. Neuse Plastic Co.*, 60 N.C. App. 588, 299 S.E. 2d 301 (1983). We hold that this, along with plaintiff's assignment of error that no determination of any change of conditions was made, is sufficient to allow for the consideration on appeal to the Full Commission of any and all evidence regarding plaintiff's disability.

Defendants also contend that plaintiff's failure to appeal the 23 July 1981 Opinion and Award of the Full Commission, in which was made no finding or conclusion regarding plaintiff's knees, bars any subsequent award of compensation for plaintiff's knee disability. The 23 July 1981 Opinion and Award expressly reserved final disposition of the matter pending the receipt of more complete evidence regarding any additional permanent partial disability plaintiff sustained as a result of the condition of her back. That Opinion and Award did not dispose finally of the matter. Rather, it contemplated further proceedings and was therefore interlocutory. Appeal from an order of the Industrial Commission lies only from a final order. *Lynch v. M. B. Kahn Construction Co.*, 41 N.C. App. 127, 254 S.E. 2d 236 (1979), *disc. rev. denied*, 298 N.C. 298, 259 S.E. 2d 914 (1979). Appeal from an interlocutory order is improper. Defendants' contention is without merit.

[2] Since the testimony of defendants' expert witness, Dr. Montgomery, with respect to the disability in plaintiff's knees was properly admitted and considered, the remaining question is whether there was sufficient evidence to support the Industrial Commission's finding of fact and conclusion that plaintiff had sustained a compensable disability to her knees.

It is well established that the findings of the Industrial Commission, if supported by competent evidence, are conclusive and binding on appeal, even though the evidence could support a contrary finding. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E. 2d 682 (1982). The appellate court, on appeal from the Commission, is limited to considering whether the findings support the legal conclusions and decision of the Commission. *Id.*

Upon a review of the record before us, we find that there was sufficient evidence to support the findings of the Industrial Commission as to plaintiff's permanent partial disability. The conclusions drawn therefrom are proper and support the Commission's decision.

That portion of the Commission's final order, dated 1 April 1982, awarding plaintiff additional compensation for permanent partial disability to her knees, will be affirmed.

Plaintiff's Appeal

[3]   We note at the outset that all of plaintiff's contentions on appeal relate to the failure of the Industrial Commission to award her compensation for temporary total disability from 8 June 1980 to 1 October 1981.

Plaintiff's assignments of error present the question of whether the record evidence supports the findings of fact made by the Commission with regard to plaintiff's temporary total disability.

Plaintiff argues that the evidence adduced by the Commission established that plaintiff was temporarily totally disabled from 2 May 1980 until 1 October 1981 and the Commission's findings and conclusions limiting plaintiff's temporary total disability from 2 May to 8 June 1980 are not supported by competent evidence.

In support of her contention, plaintiff cites us to the case of *Tucker v. Lowdermilk*, 233 N.C. 185, 63 S.E. 2d 109 (1951), for the proposition that when an award of compensation is made payable during disability, there is a presumption that the disability lasts until the employee returns to work. *Id.* at 189, 63 S.E. 2d at 112. However, the award in *Tucker* was directed to be paid beginning 13 April 1948 "and continuing for necessary weeks." *Id.* In the present case, the initial award of the Commission was not made payable during disability. Thus, no presumption of continuing disability attaches.

The initial award of the Commission, dated 16 January 1981, indicated that plaintiff's temporary total disability ended on 6 March 1979, when she was released by her doctor for return to work, and did not again commence when she stopped work on 2

---

---

May 1980. In her brief, plaintiff, referring us to pages 46 and 47 of the record on appeal, states that "[Dr. Van Blaricom] testified that in his opinion Mrs. Nash continued to be *totally* disabled from her job as a packer in June, 1980, and that he advised her not to return to work." (Emphasis added.) On pages 46 and 47 of the record, Dr. Van Blaricom, in his deposition of 12 February 1982, testified:

> . . . I have an opinion satisfactory to myself based upon a reasonable degree of medical certainty as to whether or not Mrs. Nash was disabled, totally disabled from that type of job on May 2, 1980 when I saw her. That opinion is that based on this lady's condition when I saw her in May of 1980, that she was disabled for that type of work.
>
> . . .
>
> At that time in June of 1980 I have an opinion satisfactory to myself based upon a reasonable degree of medical certainty as to whether or not Mrs. Nash continued to be totally disabled from her job as a packer at A-B Emblem Company. In my opinion she would not have been able to return to work in that capacity.
>
> I don't have it listed here in my records whether or not I advised her with respect to returning to that job at A-B Emblem Company, but to the best of my knowledge, I told her not to return because I didn't think she physically could.

On page 49 of the record, in the same deposition, Dr. Van Blaricom testified:

> If the Industrial Commission should find from the evidence and by its greater weight that from May of 1980 until October 1, 1981 Mrs. Nash suffered with the conditions that she gave me by way of history on October 1, 1981, I have an opinion satisfactory to myself as to whether or not she continued to be totally disabled from her employment as a packer at A-B Emblem during that period. It is my opinion that she remained disabled for that type of job or work from May of 1980 through to my evaluation on October 1, 1981.

Such evidence was sufficient to require findings as to whether plaintiff was entitled to payment for *total* disability from

May 1980 until, at least, 1 October 1981. Plaintiff's evidence showed that after she became disabled from performing her usual job, she later tried working at "lighter" work, but could not physically endure such work. Her physician not only found her to be totally disabled from that "lighter" work, but in June 1980, advised her not to return to *any* industrial work. Plaintiff, herself, testified that her condition in June, 1980, was such that she was physically able to do only light housework. None of this evidence was rebutted.

Plaintiff having clearly established that she was *totally* disabled from performing *any* industrial work, plaintiff's appeal requires that that portion of her case be remanded for findings as to whether plaintiff was totally disabled for any employment between 8 June 1980 and 1 October 1981. *See Little v. Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978).

That portion of the Industrial Commission's award with respect to plaintiff's permanent partial disability is

Affirmed.

That portion of Opinion and Award of the Industrial Commission with respect to plaintiff's claim for temporary total disability is

Reversed and remanded.

Judge PHILLIPS concurs.

Judge HEDRICK concurs in part and dissents in part.

Judge HEDRICK concurring in part and dissenting in part.

I concur in that part of the majority decision which affirms the Award of additional compensation to plaintiff for permanent partial disability to her knees; however, I dissent from that part of the majority decision which reverses and remands the cause to the Industrial Commission for findings "as to whether plaintiff was totally disabled for any employment between 8 June 1980 and 1 October 1981."

 A case of temporary total disability within the meaning of the Workers' Compensation Act is defined as " 'one in which the employee is temporarily unable to perform *any* work duties.' " *Gamble v. Borden, Inc.*, 45 N.C. App. 506, 508, 263 S.E. 2d 280, 281 (1980) *quoting* N.C. Industrial Commission, 24th Biennial Report for 1974-75, 1975-76 (emphasis added). *See generally* Larson, Workmen's Compensation Law, Sec. 57.51 (1982). Nowhere in this record is there any evidence that plaintiff was unable to perform *any* work duties from 2 May 1980 until 1 October 1981. Obviously, plaintiff suffered during this period of time from a permanent partial disability to her back and knees. Dr. Van Blaricom's testimony, quoted in the majority opinion, rather than indicating temporary total disability, indicates his opinion that plaintiff had some permanent partial disability and is consistent with his testimony on page 49 of the record where it is stated that, in his opinion, based on his examinations, plaintiff had reached a level of maximum improvement and suffered from a "25% permanent partial disability of the back." It is also consistent with his deposition testimony in February of 1982, on page 48 of the record, that based on his examination of 1 October 1981, "[plaintiff's] current condition represented a permanent partial disability of 35% of her back or spine."

Plaintiff's temporary total disability ceased when plaintiff reached a plateau of maximum improvement and she was rated as having a certain degree of permanent partial disability. None of the medical evidence tends to show that plaintiff was temporarily totally disabled from 2 May 1980 to 1 October 1981. All of the medical evidence tends to show that plaintiff suffered from permanent partial disability during that period of time.

Plaintiff stopped work on 2 May 1980 not because of a new injury or the onset of temporary total disability but because the degree of her permanent partial disability had increased to the point where she was unable to continue her usual job duties. Plaintiff has been compensated for this increased permanent partial disability. The gratuitous finding by the Commission that plaintiff was temporarily totally disabled from 2 May 1980 until 8 June 1980 does not alter the fact that plaintiff during this period of time was suffering from her permanent partial disability.

While the evidence conflicts as to the degree of plaintiff's permanent partial disability to her back and knees, there is no

conflict in the evidence with respect to whether plaintiff was temporarily totally disabled from 8 June 1980 to 1 October 1981. Thus, there was no necessity for the Commission to make a negative finding that plaintiff was *not* temporarily totally disabled during that period.

My analysis of plaintiff's appeal would be incomplete were I not to point out that plaintiff chose to pursue her claim on the theory of a compensable injury sustained on 7 June 1977 which resulted in permanent partial disability to her back and later to her knees. The wisdom of her choice is manifest in the fact that she obtained an award for temporary total disability from 8 June 1977 to 6 March 1979 and for a permanent partial disability to her back of 19 percent. This award was later enlarged to compensate plaintiff for temporary total disability from 2 May 1980 until 8 June 1980, 9 percent permanent partial disability to her right leg, 5 percent permanent partial disability in her left leg, and an additional 5 percent permanent partial disability to her back.

In my opinion, that portion of the Award with respect to plaintiff's temporary total disability should be affirmed.