This matter had been appealed by plaintiff to the Court of Appeals from the Full Commission's 15 December 1994 Opinion and Award affirming the prior decision of Deputy Commissioner Charles Markham, which denied plaintiff's claim for total and permanent disability.
The primary issues on appeal, as identified by the Court of Appeals, were (1) whether the Industrial Commission erred by failing to apply the presumption, in Watkins v. Motor Lines,279 N.C. 132, 181 S.E.2d 588 (1971), that plaintiff's temporary total disability continues until she returns to work at the same wage earned prior to the injury; and (2) whether plaintiff's disability resulted from an injury that aggravated a pre-existing injury.
The Court of Appeals declined to rule on the first issue because the record on appeal before that Court did not contain the actual copies of the Form 21 filed with and approved by the Industrial Commission. The Commission's file contains that Form 21, which shows that it was for compensation at the rate of $106.67 per week beginning 10/17/86 and continuing for necessary weeks. It was approved by the Industrial Commission on 3/2/87.
As the Court of Appeals said in its decision in this case:
 N.C. Gen. Stat. Section 97-2(9) defines "disability" as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." G.S. § 97-2(9) (Cum. Supp. 1995). In order to find a worker disabled under the Workers' Compensation Act, the Commission must find: (1) that plaintiff was incapable after her injury of earning the same wages she earned before her injury in the same employment, (2) that she was incapable after her injury of earning the same wages she earned before her injury in any other employment, and (3) that her incapacity to earn was caused by her injury. See Hilliard v. Apex Cabinet Co., 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982).
It further said, with respect to the Watkins presumption:
 Under the Watkins presumption, if the Commission makes an award payable during disability, it is presumed that the disability continues until the employee returns to work and that the disability ends when the employee returns to work at the same wages he was receiving at the time of the injury. Watkins, 279 N.C. at 137, 181 S.E.2d at 592. The Watkins
presumption only applies if the Commission approves an award payable during disability. See Nash v. Conrad Industries, 62 N.C. App. 612, 619, 303 S.E.2d 373, 377, aff'd per curiam, 309 N.C. 629, 308 S.E.2d 334 (1983) (citing Tucker v. Lowdermilk, 233 N.C. 185, 63 S.E.2d 109 (1951)). For example, an award of payments that continue "for necessary weeks" is payable during disability. See Nash, 62 N.C. App. at 619, 303 S.E.2d at 377.
Since the Form 21 approved by the Industrial Commission in the instant case was for "necessary" weeks, the Watkins
presumption applies in this case and the Commission was in error in not applying it when this case was first reviewed by the Commission. Plaintiff is entitled to at least continuing temporary total disability until such time as she accepts a job at wages equal to or greater than those she was earning when she suffered the injury by accident or until the defendant rebuts the presumption by evidence that she is capable of obtaining such wages but has not bothered to do so.
We next determine whether plaintiff's injury by accident aggravated a pre-existing condition.
In his report dated November 19, 1990, Dr. Glugover opined that, with respect to problems with her disc "we can attribute half of her disability to the original surgery and half of the disability to the later accident." With respect to the lumbar sacral spine, he attributed 60% to the second injury (15/25). (Stip. Exh. 10). Dr. Joseph Nicastro, an orthopaedic physician with the Bowman Gray School of Medicine opined that plaintiff hadaggravated a pre-existing condition. (Stip. Exh. 12).
Thus there is medical evidence of record from which the Full Commission can find, and it does so find, that the admittedly compensable injury by accident of 9 October 1986 aggravated a pre-existing condition and became disabling. She had fully recovered from her back operation of April 1986 when she suffered the injury by accident of 9 October 1986. She has been unable to work or to attend to many other ordinary functions of life since 9 October 1986.
Plaintiff's claim falls in the category of a preexisting condition acted upon by a subsequent aggravating injury which has precipitated disability. Pruitt v. Knight Publishing Company,27 N.C. App. 254, 218 S.E.2d 876 (1975), rev'd on other grounds,289 N.C. 254, 221 S.E.2d 355 (1976). The plaintiff previously had surgery on her back by Dr. William Sims, who had done a diskectomy in April, 1986. The plaintiff's prior back injury was not a work-related injury. (Dep. Trans. p. 9). "An employer takes his employees as he finds them." Id. at 257, 218 S.E.2d at 879, Mabev. North Carolina Granite Corporation, 15 N.C. App. 253,189 S.E.2d 804 (1972). The court in Pruitt held:
 Nothing is better established in compensation law than the rule that, when industrial injury precipitates disability from a latent prior condition, such as heart disease, cancer, back weakness and the like, the entire disability is compensable . . . (emphasis added).
Id at 258, 218 S.E.2d at 879.
Next, we consider whether plaintiff's disability is total and permanent.
Plaintiff has not been able to work since the injury of 9 October 1986. She has been under unremitting pain ever since. Due to her age, education, work experience and medical condition the Full Commission finds that she is permanently and totally disabled within the meaning of the Workers' Compensation Act.
Plaintiff has had and continues to have severe back pain which often radiates down into her right leg. Despite numerous examinations and testing, her pain continues unabated, except while she is wearing a body brace. Plaintiff can no longer perform her vocationally relevant past work. Further, she has no transferable skills. She testified that she was unable to return to work despite earlier attempts to do so. Plaintiff would be unable to return to work in the hosiery industry due to her inability to bend, stoop, or sit for any sustained period of time. Because of the pain plaintiff cannot bend, walk or sit for a long period of time. She has been unable to drive an automobile since October 9, 1986. She doesn't lift anything heavier than a gallon of milk. Plaintiff is unable to bend over and pick up things around the house. She has problems sleeping at night. She has to lie down once or twice during the day.
Plaintiff has been incapable of earning the same wages she earned before her injury on October 9, 1986, in the same employment, and has been incapable of earning the same wages she earned before her injury in any other employment.
According to the Commission's records, plaintiff has not received any compensation from defendants since 6 February 1989.
****************
In view of the foregoing, the Full Commission enters the following:
AWARD
1. Defendants shall pay plaintiff compensation at the rate of $106.67 per week from 6 February 1989 for the remainder of her natural life, or until the Commission orders otherwise, subject to the attorney's fee hereafter awarded.
2 So much of the compensation awarded in Paragraph 1 above that has accrued to the date it is paid shall be paid in two lump sums: Three-quarters of it shall be paid to plaintiff and one-quarter shall be paid to plaintiff's attorney. Thereafter, each fourth weekly check shall be paid directly to such attorney. Interest at the rate of 8% per year shall be paid on the unpaid amount from the date each weekly payment would have been made had they not been stopped on 6 February 1989 until paid. All interest will be paid to plaintiff.
3. Defendants shall pay all medical expenses incurred by plaintiff related to her injury by accident which exacerbated an earlier injury.
4. Defendants shall pay the costs, including reasonable attorney's fees of $3,000 for plaintiff's attorneys.
This 12th day of March, 1997.
 S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER