***********
The Full Commission has reviewed Deputy Commissioner Ford's Order based on the record of the proceedings before the Deputy Commissioner as well as the record that was before the Full Commission for its 17 February 1999 Opinion and Award; the appealing party has shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the available evidence of record, the Full Commission hereby modifies the Order of Deputy Commissioner Ford and remands this action to a deputy commissioner to receive relevant evidence.
 ***********
Based on the competent evidence of record, and the briefs and arguments of the parties, the Full Commission makes the following
 FINDINGS OF FACT
1. All parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Plaintiff suffered a compensable injury as a result of an occupational disease on or about March 22, 1994, involving her right foot. This claim was accepted as compensable. This claim was assigned I.C. No. 453005.
4. I.C. No. 453005 is a claim for an injury to plaintiff's right foot which includes a Morton's neuroma and diagnosis for complex regional pain syndrome, including RSD. Plaintiff asserted that the plaintiff's compensable pain syndrome extended into her right upper extremity. The Full Commission, however, denied this contention in its 17 February 1999 Opinion and Award.
5. On April 5, 1999, plaintiff filed a Form 18 alleging an injury or occupational disease on November 6, 1997, for "pain syndrome" caused by "worsening in her pain syndrome from the work related injury". The Form 18 described the nature of the injury as "complex regional pain syndrome involving the predominately right lower extremity as well as right upper extremity secondary to work related injury to the right lower extremity." This claim has been assigned I.C. No. 921804.
6. I.C. No. 453005 came before the Full Commission on 1 July 1998, on plaintiff's appeal from an Opinion and Award entered by Deputy Commissioner W. Bain Jones, Jr., that was filed on 31 December 1997. Deputy Commissioner Martha W. Lowrance initially heard the evidence in this action on 7 February 1997, and subsequent to the hearing before her and the taking of the depositions of Drs. Andrea Stutesman, W. Michael Nesbit, Paul K. Jaszewski, and Gary Poehling, the matter was submitted to Deputy Commissioner Jones for decision.
7. I.C. Nos. 453005 and 921804 are currently before the Full Commission on appeal by plaintiff from an Order from Deputy Commissioner Ford who found that the Full Commission's February 1999 Opinion and Award in I.C. No. 453005 was final and binding on the parties. Deputy Commissioner Ford, however, expressly authorized an evidentiary hearing on plaintiff's allegations for a new injury in I.C. No. 921804. Plaintiff disputes Deputy Commissioner Ford's Order and asserts that plaintiff is entitled to an evidentiary hearing on the issue of change of condition and/or new injury to the upper extremity. Defendants assert that plaintiff's action is a veiled attempt to obtain a second bite at an apple that was previously consumed by the Full Commission.
8. The Full Commission previously entered an Opinion and Award in I.C. No. 453005. In the 17 February 1999 Opinion and Award, the Full Commission expressly made the following Findings of Fact which are relevant to the issues presented by the parties:
 a. (FOF 20) On 23 June 1997, a deputy commissioner entered an interlocutory order approving Dr. Nesbit as plaintiff's treating physician, and plaintiff was ordered to cooperate with an examination by Dr. Stutesman.
 b. (FOF 28) In deposition, Dr. Poehling testified that he had no indication from the reports of plaintiff's other physicians that she received incompetent care, and he agreed that all treatment recommendations were correct. Dr. Poehling had no suggestions for alternative therapy or treatment. After reviewing, Dr. Nesbit's reports, Dr. Poehling stated that he had no reason to believe Dr. Nesbit could not treat plaintiff competently.
 c. (FOF 29) Plaintiff's condition is the result of her failure to comply with the treatment recommendations of her physicians that she increase her level of activity, including increasing the number of hours she works at her job. The tag room position did not aggravate or contribute to her continuing complaints of pain, and she is physically able to perform the tasks of the job. The primary reason for her condition is inactivity and resulting deconditioning.
 d. (FOF 30) Plaintiff's upper extremity complaints are not medically substantiated and are not caused by the compensable foot injury. The tag room position did not cause plaintiff's upper extremity pain.
 e. (FOF 31) The physician's finding of various points of maximum medical improvement in this case demonstrate how plaintiff's self-limitations on her physical activity have worsened her condition and prevented her recovery. These self-limitations were out of proportion to her pain and were unjustified. Plaintiff did not demonstrate a motivation to improve. She did not demonstrate a willingness to return to work full time in the tag room or in any other available light duty positions. Absent her self-imposed limitations, plaintiff likely would have improved and would have been able to return to work full time. Given plaintiff's noncompliance, it is unlikely that further medical intervention will improve her condition.
 f. (FOF 32) Plaintiff reached maximum medical improvement no later than 16 September 1997. She has a permanent impairment rating of 20% to her
The Full Commission's Opinion and Award also contained the following Conclusions of Law which are relevant to this action:
 A. (COL 1) Plaintiff unjustifiably refused to comply with her physician's recommendations that she increase her activity, including her work hours, in order to improve; therefore, her eligibility for wage loss compensation under the Act is suspended as of 16 September 1997. G.S. §§ 97-25, 97-32.
 B. (COL 2) Plaintiff is not entitled to payment for medical treatment after 16 September 1997 due to her refusal to comply with the treatment instructions of her physicians to increase her physical activity, including work activity. Absent such compliance, further medical treatment is unlikely to effect a cure, give relief, or lessen the period of disability. G.S. § 97-25.
 C. (COL 3) In order to reinstate benefits, plaintiff must comply with the following work schedule: Plaintiff must begin working four hours a day regularly for a period of two weeks, then increase her daily work schedule by one hour each successive week until she reaches a regular schedule of eight hours per day. G.S. § 97-25.
This decision was not appealed by either party and thereby is now final and binding on all parties in this action.
9. On 5 April 1999, plaintiff filed a Form 18, in I.C. No. 921804 which asserts worsening of plaintiff's complex regional pain syndrome while working in the sorting tags/tag room position. Plaintiff asserts that her disability started on November 6, 1997.
10. Pursuant to a Form 33, I.C. Nos. 453005 and 921804 were set for hearing before Deputy Commissioner Ford on 15 December 1999. At this hearing, Deputy Commissioner Ford asked the parties to express the issues before him in these claims and concluded that three issues were raised: (1) whether plaintiff has sustained a change of condition; (2) whether plaintiff has complied with the 17 February 1999 Full Commission Opinion and Award; and if (1) and (2) are affirmative, then (3) what compensation is plaintiff entitled to receive. Deputy Commissioner Ford directed the parties to file briefs to explain the nature of the expected medical and other testimony to be offered and to express why the parties are entitled to a hearing on the proposed issues in light of the Full Commission's February 1999 Opinion and Award.
11. On or about 4 April 2000, the Brief of Plaintiff-Employee was received by the Industrial Commission. Saliently, plaintiff's brief suggested that she is entitled to a full evidentiary hearing on whether plaintiff has sustained a change of condition, including but not limited to whether her upper extremity injury is related to her lower extremity injury. Plaintiff's position is centered on Section 97-42 which allows the Commission to review and modify its award. Plaintiff suggests that the Commission is not bound by its prior orders and is entitled to review her claim based on additional evidence.
12. On or about April 15, 2000, Defendant's Brief was received by the Industrial Commission. Saliently, defendant's brief suggests that the February 1999 Opinion and Award is binding on the parties. In particular, defendant asserts that the Full Commission's findings that plaintiff failed to cooperate with medical care and that this failure has precluded her recovery and has and will cause her condition to become worse removes this case from the traditional change of condition situation. Defendants assert that the issue of change of condition must be considered in light of the Full Commission's findings and ruling that plaintiff is not entitled to benefits pursuant to Section 97-32.
13. On 6 September 2000, Deputy Commission Ford filed an Order, which was sua sponte corrected, for proper I.C. Numbers, and was refiled on 25 September 2000. Deputy Commissioner Ford found that there was no change of condition with respect to plaintiff's right foot, that plaintiff failed to comply with the executory order contained in the final Opinion and Award in I.C. No. 453005, and that plaintiff has filed a new claim in I.C. No. 921804. Deputy Commissioner Ford denied plaintiff's request to reconsider the Award in I.C. No. 453005. Deputy Commissioner Ford, however, expressly granted an evidentiary hearing concerning plaintiff's claim in I.C. No. 921804.
14. Plaintiff appeals to the Full Commission asserting that he is entitled to a full evidentiary hearing pursuant to Section97-42 of the Act on the issue of change of condition as well as the claim of a new injury in I.C. No. 921804.
15. Having reviewed the record in this case, including the matters summarized above, the Full Commission finds that plaintiff is entitled to an evidentiary hearing and hereby gives the parties guidance on the issues to be considered at the evidentiary hearing and the law that is applicable to this case in order to conserve the resources of the parties and to allow them to understand the status of this case.
16. To the extent that the findings of facts recited above contain conclusions of law they shall also be treated as conclusions of law.
 ***********
The Full Commission hereby enters the following Conclusions of Law which are applicable to the issues raised in this action and should be utilized by the parties in accessing the evidence that will be relevant to the Commission in the evidentiary hearing
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to file a motion to modify the Commission's Award based on a change of condition under Section97-47 and is entitled to present evidence relevant to this issue.See Grantham v. R.G. Barrier Corp., 127 N.C. App. 529,491 S.E.2d 678 (1997), rev. denied, 347 N.C. 671, 500 S.E.2d 86 (1998).
2. The 17 February 2000 Opinion and Award is final and is binding on the parties. G.S. § 97-86. Hall v. Thomason Chevrolet,263 N.C. 569, 139 S.E.2d 857 (1965); see Grantham v. R.G. BarrierCorp., 127 N.C. App. 529, 491 S.E.2d 678 (1997), rev. denied,347 N.C. 671, 500 S.E.2d 86 (1998) (law of case doctrine applies when Commission hears case again for a different reason); West v. J.P.Stevens, 12 N.C. App. 456, 183 S.E.2d 876 (1971) (change of condition does not permit relitigation of prior denial of extent of injury). Findings and conclusions which have become final and may not be relitigated include the findings and conclusions which are recited in Finding of Fact 9, above. Although these findings and conclusions are binding on the parties and the Commission, this fact does not preclude plaintiff from asserting and presenting relevant evidence on a change of condition under Section 97-47. See Grantham v. R.G. Barrier Corp.,127 N.C. App. 529, 491 S.E.2d 678 (1997), rev. denied, 347 N.C. 671,500 S.E.2d 86 (1998).
3. Given the unique posture of this action, the Full Commission finds that it is necessary to explain the issues that are before the Commission based on plaintiff's motion pursuant to Section 97-47 and plaintiff's filing of a new claim in I.C. No. 921804. This case differs from the usual Section 97-47 claim for change of condition because of three significant findings previously made by the Commission in this action: (1) that plaintiff has self-imposed limitations and failed to comply with her health care provider's treatment plan such that it has become unlikely that further medical intervention will improve her condition and that her condition would most likely worsen; (2) that benefits have been suspended pursuant to Section 97-32 for failure to accept suitable employment; and (3) that plaintiff's upper extremity pain syndrome, as presented in I.C. No. 453005, is not related to her compensable lower extremity injury. Under the specific circumstances of this case, evidence that plaintiff's condition has changed, and particularly that it has gotten worse, does not purge the prior finding that plaintiff failed to accept suitable employment and thereby is not entitled to benefits under Section 97-32. Therefore, mere evidence that plaintiff's condition has worsened is not relevant to the issues before the Commission. The purpose of Section 97-32 is to prevent a person from increasing their workers' compensation benefits by refusing to accept work which is suitable for their compensable condition.See Peoples v. Cone Mills Corp., 316 N.C. 426, 342 S.E.2d 798
(1986); Braham v. Denny Roll Panel Co, 223 N.C. 233,25 S.E.2d 865 (1943). The purpose of Section 97-32 would be defeated if claimants could have the Commission reconsider its decision by merely rehashing, or augmenting, the evidence that was previously presented to the Commission. Rather, when determining whether there is a "change of condition" within the meaning of Section97-47, the employee has the burden to establish a condition that is different from those that were in existence when the Commission issued its otherwise final opinion and award. Grantham v. R.G.Barrier Corp., 127 N.C. App. 529, 491 S.E.2d 678 (1997), rev.denied, 347 N.C. 671, 500 S.E.2d 86 (1998). In addition, when considering the "change of condition" the Commission will be concerned with whether the change in medical condition affects the employee's physical capacity to earn wages. Id. Moreover, a change of condition may not be asserted to request the Commission to determine that an injury that was previously found to be noncompensable is compensable. West v. J.P. Stevens,12 N.C. App. 456, 183 S.E.2d 876 (1971). Therefore, the issues raised by plaintiff's Form 18 in I.C. No. 921804 and the motion for change of condition in I.C. No. 453005 are: (1) whether plaintiff has complied with her physician's treatment plan and reasonably sought employment sufficient to remove the Section 97-32 suspension of benefits; (2) whether plaintiff has sustained a compensable injury to her right upper extremity in I.C. No. 921804 that is different from the condition for which compensation was previously sought and denied in I.C. No. 453005; and if so, (3) what benefits, if any, is plaintiff entitled to receive.
 *********** AWARD
Based on the foregoing, it is hereby ORDERED that this action is remanded to a deputy commissioner for the purpose to receive evidence and to permit medical depositions relevant to the issues before the Full Commission. The deputy commissioner shall establish a calendar for the purpose of obtaining the evidence and closing the record. Once the record has been closed the plaintiff shall have thirty (30) days to file a brief with the Full Commission outlining the basis for her claim(s) for relief. The defendants then shall have thirty (30) days from the filing of plaintiff's brief to file their reply brief. Oral argument will then be scheduled before this panel of the Full Commission.
IT IS SO ORDERED this _____ day of February, 2002.
 S/_____________________________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________________________ LAURA K. MAVRETIC COMMISSIONER
S/_____________________________ THOMAS J. BOLCH COMMISSIONER