BEATRICE S. SHORE, EMPLOYEE-PLAINTIFF v. CHATHAM MANUFACTURING CO., EMPLOYER, AETNA LIFE & CASUALTY INS. CO., CARRIER-DEFENDANTS

No. 8110IC308

(Filed 17 November 1981)

**Master and Servant § 85.2— authority of Commission to enter an order for the taking of a deposition**
 Even though neither party moved under G.S. 97-80(a) to take a doctor's deposition, it was not error for the Industrial Commission to order the deposition taken as under Rule XXA of the Rules of the Industrial Commission, a commissioner has the authority to order on his own motion the taking of a deposition to provide missing evidence.

APPEAL by plaintiff from the North Carolina Industrial Commission opinion and award of 18 December 1980. Heard in the Court of Appeals 22 October 1981.

On 19 April 1978, plaintiff sustained an injury in an accident arising out of and in the course of her employment. Pursuant to

an agreement of the parties, defendant paid compensation to plaintiff for temporary total disability from 20 April 1978 to 28 May 1978, from 30 May 1978 to 11 July 1978, and from 15 August 1978 to 29 October 1978.

A hearing was held on 11 July 1979 to determine plaintiff's entitlement to additional temporary disability subsequent to 29 October 1978. Plaintiff testified to physical examinations by Dr. Richard Adams, who was not present to testify.

On 26 September 1979, the hearing officer filed an order that the deposition of Dr. Adams be taken within 45 days at defendant's expense. On 16 January 1980, having received no communication with respect to the deposition, the Deputy Commissioner sent a letter to plaintiff's attorney. The Deputy Commissioner stated that the present evidence of record was insufficient to support an award of additional benefits. He would, however, leave the record open for an additional 15 days for any motion or request by plaintiff: "Unless I hear from you within that time, I will proceed with a determination based on the evidence now of record."

On 2 February 1980, plaintiff moved for additional time within which to take the deposition of Dr. Adams. The Deputy Commissioner denied the motion as not being timely, and on 28 February 1980, filed an opinion and award denying plaintiff's claim for additional compensation benefits. Plaintiff appealed. The Industrial Commission affirmed and adopted as its own the Deputy Commissioner's opinion and award.

*Franklin Smith, for plaintiff appellant.*

*Womble, Carlyle, Sandridge and Rice, by Keith W. Vaughan and Joseph T. Carruthers, for defendant appellee.*

VAUGHN, Judge.

The issue on appeal is whether the Commission, on its own motion, may enter an order for the taking of a deposition. We conclude it does have such authority.

North Carolina's Workers' Compensation Act is administered exclusively by the Industrial Commission. Plaintiff argues, however, that the administrative powers of the Commission do

not include the power to order depositions on its own motion. He cites G.S. 97-80(a) which states in part that "Any party to a proceeding under this Article may, upon application to the Commission, which application shall set forth the materiality of the evidence to be given, cause the depositions of witnesses residing within or without the State to be taken. . . ." Since neither party in this cause moved to take Dr. Adams' deposition, plaintiff contends the Commissioner's order was unlawful.

That provision of G.S. 97-80(a), however, is not the exclusive procedure for the taking of depositions. Our legislature has empowered the Industrial Commission to make rules "not inconsistent with this Article, for carrying out the provisions of this Article." G.S. 97-80(a). Pursuant to G.S. 97-80, the Industrial Commission promulgated Rule XXA (effective 1 February 1979). The rule provides the following:

> "When additional medical testimony is necessary to the disposition of a case, the original hearing officer may order the deposition of medical witnesses, such depositions to be taken on or before a day certain not to exceed sixty (60) days from the date of the ruling, provided the date may be postponed for good cause shown. The hearing officer shall issue a written order setting time within which such deposition shall be taken. The costs of such depositions shall be borne by the defendants for those medical witnesses whom defendants paid for the initial examination of the plaintiff, and in those cases where defendants are requesting the depositions."

The Deputy Commissioner in the present cause complied with Rule XXA. In his written order of 26 September 1979, he found that "some evidence from Dr. Adams is necessary before a determination can be made herein." He ordered the deposition to be taken within 45 days, a period well within the 60 days allowed by the rule. He also ordered defendant to bear the cost of the deposition. Plaintiff at that time did not request a postponement for good cause. In fact, the first reference plaintiff makes to the deposition of Dr. Adams occurs 2 February 1980, 17 days after the Commissioner's letter to plaintiff and more than four months after the Commissioner's original order.

Our courts have stated that the North Carolina Industrial Commission has the power not only to make rules governing its administration of the Workers' Compensation Act, but also to construe and apply such rules. "Its construction and application of its rules, duly made and promulgated, in proceedings pending before the said Commission, ordinarily are final . . . and not subject to review . . . on an appeal from an award made by said Industrial Commission." *Winslow v. Carolina Conference Association,* 211 N.C. 571, 579-80, 191 S.E. 403, 408 (1937).

We conclude that the Commissioner in the present cause had the authority to keep the case open in order to give the claimant another opportunity to gather missing evidence. *Conklin v. Freight Lines,* 27 N.C. App. 260, 218 S.E. 2d 484 (1975). Under Rule XXA of the Rules of the Industrial Commission, he also had the authority to order on his own motion the taking of a deposition to provide such evidence.

The opinion and award of the Commission is affirmed.

Affirmed.

Judges HILL and WHICHARD concur.