LEARY W. SPARKS, EMPLOYEE v. SAILORS' SNUG HARBOR, EMPLOYER, AND ST. PAUL FIRE & MARINE INSURANCE CO., CARRIER

No. 8310IC1204

(Filed 2 October 1984)

1. **Master and Servant § 67.1— permanency of injury—evidence sufficient**

    The Industrial Commission's finding that an employee suffered loss of or permanent injury to an important part of the body was supported by evidence that plaintiff suffered from discoloration and swelling in his testicles due to probable venous engorgement of the spermatic cord and swelling of veins, and that the only cure was to have the testicle and cord structure removed. G.S. 97-31(24).

2. **Master and Servant § 85.2— authority of Deputy Commissioner to submit interrogatories**

    There was no prejudice when a Deputy Commissioner submitted questions to plaintiff's doctor rather than ordering a deposition because the Deputy Commissioner could have ordered a deposition specifically noting the areas of injury that concerned her, the questions showed no overbearing on the part of the Deputy Commissioner, they could have been asked by the Deputy Commissioner at a hearing, and they were the type of clarifying questions sometimes asked by superior court judges which the Court has often approved. Rule XX of the Industrial Commission.

3. **Master and Servant § 93.2— removal from active hearing docket—record not closed**

    The record did not close when a Deputy Commissioner reset the case for further medical testimony and a different Deputy Commissioner subsequently referred the case back to the first Deputy Commissioner for disposition and removed the case from the active hearing docket.

APPEAL by defendants from Opinion and Award of the North Carolina Industrial Commission filed 21 September 1983. Heard in the Court of Appeals 31 August 1984.

*Ward and Smith, P.A., by William Joseph Austin, Jr., for defendant appellant.*

*Dunn & Dunn, by Raymond E. Dunn, Jr., for plaintiff appellee.*

BECTON, Judge.

I

This Workers' Compensation case was first heard on 28 April 1982, in New Bern, before Lisa Shepard, Deputy Commissioner. Because liability had been stipulated to, and because the employee, Leary Sparks, had already received compensation for temporary total disability, the only disputed issue between the parties was the amount of permanent partial disability, if any, to which the employee might be entitled following a hernia and subsequent surgical procedures.

By order filed 20 May 1982, Deputy Commissioner Shepard found that there was insufficient medical evidence of the loss of or permanent injury to an important internal organ or part of the body and therefore reset the case for the taking of further medical testimony. When the case next came on for hearing before Deputy Commissioner Lawrence B. Shuping, Jr., the employee's attorney did not present further medical evidence, but rather, asked Deputy Commissioner Shuping to take judicial notice of the fact that the testicles and spermatic cord were important internal organs or parts of the body. Deputy Commissioner Shuping did not rule on the judicial notice request. Instead, he referred the case back to Deputy Commissioner Shepard for disposition and removed the case from the active hearing docket.

On 27 October 1982, Deputy Commissioner Shepard entered an Order denying the employee's motion to take judicial notice of the importance of the spermatic cord and testicles and, instead of resetting the matter for the taking of the further medical testimony as set forth in her 20 May 1982 order, submitted three interrogatories to the employee's physician. By the same order, each of the parties was granted the right to request a hearing within ten days after the employee's physician had filed answers to the interrogatories submitted.

The interrogatories submitted by Deputy Commissioner Shepard, and the answers submitted by the employee's physician, follow:

(1) You have diagnosed the plaintiff's condition as probable venous engorgement of the spermatic cord structures. What is the importance to the body of the spermatic cord structure?

(It supplies blood to the testis and returns blood from same.)

(2) What difficulties, if any, might a patient expect if these structures were removed?

(Most likely would lose the involved testis.)

(3) What problems, if any, would you expect the plaintiff to experience if he does not undergo removal of these structures?

(Continued discomfort.)

On 23 November 1982, Deputy Commissioner Shepard entered an Order awarding the employee $4,000 as compensation for an injury to an important part of the body. On 17 August 1983, the North Carolina Industrial Commission, by a 2 to 1 vote, affirmed and adopted Deputy Commissioner Shepard's Opinion and Award. The employer and insurance carrier appealed.

II

The defendant-appellants present two arguments on appeal: (1) that the employee failed to show, by sufficient evidence, that he suffered any permanent injury; and (2) that the Deputy Commissioner committed prejudicial and reversible error by submitting interrogatories to Dr. Grice and using the responses to support an award of additional compensation. For the reasons that follow, we reject the defendant-appellants' arguments and affirm the Industrial Commission's decision.

A.

[1] With regard to the permanency of the injury, we have examined each of the Industrial Commission's findings and conclude that they were supported by competent evidence. At the 28 April

1982 hearing, Dr. Grice had tentatively diagnosed the plaintiff's problem of discoloration and swelling in his testicles as probable venous engorgement of the spermatic cord and swelling of the veins going through his testicles. Significantly, Dr. Grice further testified that "it was my recommendation that the only thing I felt would cure him was to have that testicle and cord structure removed." This testimony supports the finding that the employee suffered the loss of or permanent injury to an important part of the body under N. C. Gen. Stat. § 97-31(24) (1979). And the mere fact that Dr. Grice could not assign a percentage disability rating does not mean that the employee's injuries were not permanent. The answers of Dr. Grice to the specific questions submitted by Deputy Commissioner Shepard, set forth above, confirmed the permanent nature of plaintiff's injuries to an important part of the body.

B.

[2]  The defendant-appellants argue, alternatively, that even if the employee proved "permanent injury," "the unauthorized means by which the Deputy Commissioner sought to bolster the employee's incomplete proof" with regard to loss or injury to an important organ or part of the body constituted reversible error. We disagree.

Rule XX A of the Industrial Commission allows a hearing officer to order depositions of medical witnesses "[w]hen additional medical testimony is necessary to the disposition of a case." North Carolina Workers' Compensation Act Annotated at 238 (1980). Our Court has upheld the Commission's power, on its own motion, to order the taking of depositions. *Shore v. Chatham Mfg. Co.,* 54 N.C. App. 678, 284 S.E. 2d 179 (1981), *disc. rev. denied,* 304 N.C. 729, 287 S.E. 2d 902 (1982). And while the Deputy Commissioner may have departed from the expected procedure when she submitted questions to the doctor instead of ordering a deposition, we discern no prejudice since the Deputy Commissioner could have ordered a deposition specifically noting the three areas of inquiry that concerned her. Further, the questions asked were neutral; they showed no overbearing on the part of the Deputy Commissioner; they could have been asked by the Deputy Commissioner at a hearing; and they are the type of clarifying questions sometimes asked by superior court judges which we

have often approved. More importantly, in *Nash v. Conrad Industries, Inc.,* 62 N.C. App. 612, 303 S.E. 2d 373, *aff'd per curiam,* 309 N.C. 629, 308 S.E. 2d 334 (1983), our Court upheld the submission of questions to an employee's treating physician by the Industrial Commission. In *Nash,* the Commission, after finding an insufficiency of medical evidence, entered an order requiring the treating physician to examine the plaintiff and issue a report containing his findings, and his opinion on (a) whether the plaintiff was able to work, (b) when she was able to return to work, (c) whether she had reached maximum medical improvement, and (d) whether she sustained any permanent partial disability to her back.

[3] In holding that the Deputy Commissioner did not exceed her authority in this matter, we are, of course, rejecting defendant-employer's implicit argument that the record had been closed. We note first that in *Shore,* the Commission itself, as opposed to a Deputy Commissioner, entered an order for the taking of a deposition. Second, Deputy Commissioner Shuping did not close the case, but rather, referred a pending motion back to Deputy Commissioner Shepard for disposition. As a practical matter, the case was removed from the active hearing docket so it would not automatically be reset on the next New Bern Industrial Commission's calendar.

III

Based on the foregoing, this case is

Affirmed.

Judges HILL and BRASWELL concur.