HILL v. HANES CORP.

[102 N.C. App. 46 (1991)]

IRVIN FRANK HILL v. HANES CORPORATION AND AETNA LIFE AND CASUALTY INSURANCE COMPANY

No. 8910IC1118

(Filed 5 March 1991)

**Master and Servant § 77.1 (NCI3d) — disabling depression — change of condition — modification of award proper**

Pursuant to N.C.G.S. § 97-47 the Industrial Commission could modify its previous award for total disability, which had been made on the basis of findings and conclusions that plaintiff suffered a fall resulting in permanent partial disability to both legs and ultimately resulting in depression which rendered him totally disabled, since the earlier award was limited to the period of plaintiff's disabling depression, and subsequently, evidence indicated that plaintiff's depression was no longer of disabling severity in that he was able to mow his lawn, fix his car, seed a lawn, shop for and carry groceries, perform certain home repairs, maintain an extramarital affair, wash his car, drive on a regular basis, and perform other activities inconsistent with his statements with regard to depression.

**Am Jur 2d, Workmen's Compensation §§ 340, 591, 597.**

Judge PHILLIPS dissenting.

APPEAL by plaintiff from the Opinion and Award of the Industrial Commission entered 24 July 1989. Heard in the Court of Appeals 1 May 1990.

*William Z. Wood, Jr., for plaintiff appellant.*

*Womble Carlyle Sandridge & Rice, by Nancy R. Hatch, for defendant appellees.*

COZORT, Judge.

Plaintiff appeals from the Industrial Commission's 24 July 1989 award modifying an award entered 23 October 1984. We affirm.

"Appellate review of opinions and awards of the Industrial Commission is strictly limited to the discovery and correction of *legal* errors." *Godley v. County of Pitt*, 306 N.C. 357, 359, 293 S.E.2d 167, 169 (1982) (emphasis in original). With this standard

of review in mind, we turn to the pertinent procedural history of the case below.

In the Opinion and Award filed 2 December 1983, Deputy Commissioner William L. Haigh of the North Carolina Industrial Commission found that the plaintiff was injured by a fall on 12 March 1979 and was first treated by Dr. Gunn, the medical director of plaintiff's employer. The Opinion and Award also made the following findings of fact:

4. He was also seen by Dr. Griffin who referred him to Dr. Jackson for evaluation of lower extremity weakness. Dr. Jackson examined him on 10-9-79 and hospitalized him on October 11 for myelogram. On October 12, he was seen by Dr. Ernesto Le [sic] La Torre on referral from Dr. Jackson. On myelogram, plaintiff had complete obstruction at T9-T10 and he thereafter underwent bilateral exploratory laminectomy with decompression of arachonodial adhesions and blockage by Dr. Le [sic] La Torre. He was thereafter seen in follow-up by Drs. Jackson and De La Torre and has been evaluated by other physicians for complaints related to his lower extremities.

5. As of 11-1-80, plaintiff's physical condition stabilized and by said date, he reached maximum medical improvement physically. His physical condition has remained essentially unchanged since that date. As a result of the injury by accident giving rise hereto, he sustained 20% permanent partial disability of each leg upon the basis of numbness, sensory deficit, absence of reflexes and weakness thereof. He did not sustain any permanent partial disability of the back as a result of said injury by accident.

* * * *

8. On 11-8-82, he came under the care of Dr. Branham, a psychiatrist, and has since then remained under his treatment, including anti-depressant medications, for depression. As a result of the injury by accident giving rise hereto and the attendant residuals in his lower extremities and his inability to work, he experienced stress which at least by 11-8-82 resulted in depression and rendered him totally disabled. Although he has improved on treatment, he continues to experience sleep disturbance, difficulty in concentration, accentuation of pain, psychomotor slowing, sexual dysfunction, and

**HILL v. HANES CORP.**

[102 N.C. App. 46 (1991)]

con[s]triction of interest by reason of said stress induced depression and he remained totally disabled thereby through 9-16-83 when last examined by Dr. Branham. The credible evidence of record fails to establish that said depression was of disabling severity prior to 11-8-82.

Based on those findings, Deputy Commissioner Haigh concluded that the "plaintiff has experienced stress induced depression which rendered him totally disabled from 11-8-82 up through and including 9-16-83 and he is entitled to compensation therefor at the rate of $156.79 per week for said period and thereafter for so long as he remains so disabled. G.S. 97-29." The award included the following principal component:

1. Subject to counsel fee hereinafter allowed and subject to any credit to which defendants are entitled by reason of compen[s]ation benefits already paid to him, defendants shall pay compensation to plaintiff at the rate of $156.79 per week for the following periods: from 3-27-79 to 4-11-79; from 7-10-79 to 11-1-80; from 11-1-80 for a period of 80 weeks; and from 11-8-82 up through 9-16-83 and thereafter for so long as he remains totally disabled.

The defendants appealed, and on 23 October 1984 the Full Commission affirmed the Opinion and Award.

The defendants then appealed to this Court. While that appeal was pending, the defendants filed a motion pursuant to Rule 60(b)(2) and (6) of the North Carolina Rules of Civil Procedure for relief from the Commission's award. The defendants also filed a motion pursuant to N.C. Gen. Stat. § 97-47 (1985) requesting that the Commission schedule "further hearings to determine the change in condition." This Court affirmed the Commission and denied the defendants' Rule 60(b) motion. *Hill v. Hanes Corp.*, 79 N.C. App. 67, 79, 339 S.E.2d 1, 8, *disc. review allowed*, 316 N.C. 376 (1986), *aff'd in part and vacated in part*, 319 N.C. 167, 353 S.E.2d 392 (1987). The defendants appealed.

On the merits of the appeal, the Supreme Court affirmed the Court of Appeals, holding that the "Commission's findings support its conclusions which, in turn, support its award. There are no double payments for the same injury and no inconsistencies in its order." *Hill v. Hanes Corp.*, 319 N.C. 167, 177, 353 S.E.2d 392, 398 (1987). As to the Rule 60(b) motion, the Court vacated this

Court's denial of that motion and remanded it "to the Industrial Commission for initial determination." *Id.* at 169, 353 S.E.2d at 394. On 14 December 1987, the Commission denied the defendants' Rule 60(b) motion and allowed their motion "for a new hearing concerning a change in the condition of the plaintiff" pursuant to N.C. Gen. Stat. § 97-47.

On 12 September 1988, after a hearing the previous June, Deputy Commissioner Morgan S. Chapman entered an Opinion and Award containing the following pertinent findings of fact:

> 3. Since the original Opinion and Award was filed, plaintiff alleges that he has remained extremely depressed and that his condition has not improved. His allegations are not accepted as credible. As of April 19, 1985 his observed activities were contrary to his testimony and his statements to Dr. Branham, the psychiatrist who had been treating him. In that the doctor's opinions regarding plaintiff's condition were based upon misrepresentations made to him by plaintiff, the opinions are not credible. Plaintiff was able to mow his lawn, fix his car, seed a lawn, shop for and carry groceries, perform certain home repairs, maintain an extramarital affair, wash his car, drive on a regular basis and perform other activities inconsistent with his statements.

> 4. As of April 19, 1985 plaintiff reached maximum medical improvement. He was no longer disabled by reason of the depression from which he had previously suffered. Defendants did not prove that his condition had improved prior to that date to the extent that he was no longer disabled.

> \* \* \* \*

> 6. Defendants were ordered to continue payments to plaintiff for temporary total disability following September 16, 1983 for so long as his disability continued, but the period of such disability was not determined prior to this Opinion and Award.

Based on those findings, Deputy Commissioner Chapman concluded that the plaintiff was "entitled to recover compensation in the amount of $156.79 per week for 82 and 6/7 weeks for the additional temporary total disability he sustained as the result of this injury by accident for the period from September 17, 1982 through April 18, 1985." Item No. 3 in the award ordered payment of compensation in accordance with that conclusion. On 24 July 1989, the Full

Commission affirmed and adopted as its own the Opinion and Award of September 1988.

On appeal the plaintiff brings forth seven assignments of error. We elect to discuss only the third by which plaintiff contends that, based on the evidence before it, the Commission was not authorized under N.C. Gen. Stat. § 97-47 to modify its previous award of 23 October 1984. We disagree.

N.C. Gen. Stat. § 97-47 provides in pertinent part that "[u]pon its own motion or upon the application of any party in interest on the grounds of a change in condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously award-ed . . . ." A change " 'in the degree of permanent disability is a change in condition within the meaning of G.S. 97-47.' " *McLean v. Roadway Express, Inc.*, 307 N.C. 99, 103, 296 S.E.2d 456, 458 (1982) (quoting *West v. Stevens Co.*, 12 N.C. App. 456, 461, 183 S.E.2d 876, 879 (1971) ).

In its original Opinion and Award of October 1984 the Commis-sion found that the plaintiff had "sustained 20% permanent partial disability of each leg" and that, as an ultimate result of his physical injuries, "he experienced stress which at least by 11-8-82 resulted in depression [which] rendered him totally disabled." The Com-mission concluded that the plaintiff's "stress induced depression" entitled him to total disability compensation *"for so long as he remains so disabled."* (Emphasis added.) Thus, the Commission's award for total disability was limited to the period of plaintiff's disabling depression.

In September 1988, the Commission found that, at least by 19 April 1985, plaintiff's depression was no longer of disabling severity. Specifically, as noted above, the Commission found that the plaintiff "was able to mow his lawn, fix his car, seed a lawn, shop for and carry groceries, perform certain home repairs, main-tain an extramarital affair, wash his car, drive on a regular basis and perform other activities inconsistent with his statements" to both his psychiatrist, Dr. Branham, and the Commission and that the severity of his depression was unchanged. In the testimony of four witnesses heard by the Commission on 8 June 1988, as well as plaintiff's responses to defendants' interrogatories there is ample evidence to support the Commission's findings; therefore,

they must be sustained on appeal. *Hill v. Hanes Corp.*, 319 N.C. 167, 172, 353 S.E.2d 392, 395.

Plaintiff correctly observes that Dr. Branham testified upon oral deposition in March 1988 that, in his opinion, the severity of plaintiff's depression is substantially unchanged and that Dr. Branham does not "feel that [the plaintiff] is able to function well enough emotionally to work." Dr. Branham conceded that his opinion of the plaintiff's condition is based almost exclusively on the plaintiff's statements and that, although he perceived the plaintiff as truthful, "if the person were lying then there may be—you might be less accurate in what's going on with the person." Although Dr. Branham's testimony could support findings contrary to those made by the Commission, the Commission's findings are supported by competent evidence and must be sustained. " '[C]ourts are not at liberty to reweigh the evidence and to set aside the findings of the Commission, simply because other inferences could have been drawn and different conclusions might have been reached.' " *Hill v. Hanes Corp.*, 319 N.C. at 172, 353 S.E.2d at 395 (quoting *Rewis v. Insurance Co.*, 226 N.C. 325, 330, 38 S.E.2d 97, 100 (1946) ).

Plaintiff notes that defendants did not introduce any medical evidence concerning a change in plaintiff's psychological condition. He implies that such evidence is required in order for the Commission to find a change in condition pursuant to N.C. Gen. Stat. § 97-47. However, plaintiff cites no authority for that proposition, and we decline to adopt it. Accordingly, plaintiff's assignment of error is overruled.

We have reviewed plaintiff's remaining assignments of error and find them to be without merit.

The Commission's Opinion and Award of 24 July 1989 is

Affirmed.

Judge ARNOLD concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the evidence of record does not support the Commission's findings that plaintiff's condition has changed and

he is no longer totally disabled as earlier determined. The Commission apparently proceeded under the impression that it was incumbent upon plaintiff to show that his condition had not changed and he was still totally disabled, whereas defendant had the burden of showing that plaintiff's condition had changed and he was not totally disabled. No evidence was presented either as to any change in plaintiff's condition or his employability. The random activities that the Commission found plaintiff had engaged in do not support its conclusion that plaintiff is able to obtain a job and work regularly at it.

The only change that the record reveals is in the Commission's appraisal of plaintiff's credibility, which is not the kind of change that permits the Commission to modify a previous adjudication under the provisions of G.S. 97-47.