This case was initially heard before Deputy Commissioner Lorrie L. Dollar in Laurinburg on January 14, 1997. Following the initial hearing, the deposition of Stephen J. Dalrymple, M. D., was received into evidence. The objections raised therein were ruled upon in accordance with the law and the deputy commissioner's opinion and award. Upon receipt of the parties' written contentions, the record in this matter was duly ordered closed on January 29, 1998. It should be noted at this time that plaintiff was represented by counsel throughout all of the above proceedings. Deputy Commissioner Dollar filed her Opinion and Award on June 1, 1998, which denied the compensability of plaintiff's claim.
Plaintiff's former counsel, John R. Daniel, purportedly gave written notice of appeal to the Full Commission from Deputy Commissioner Dollar's Opinion and Award on June 22, 1998. The Commission has no record of the filing of any such notice of appeal and did not acknowledge receipt of her purported notice by issuance of its standard letter of acknowledgement. On February 12, 1999, plaintiff, pro se, gave written Notice of Appeal. Pursuant to N.C. Gen. Stat. § 97-85 and Workers' Compensation Rule 701(1), plaintiff did not give timely notice of her intent to appeal.
Plaintiff, now represented by Dallas M. Pounds, withdrew her Notice of Appeal on June 30, 1999, by choosing not to file a Form 44 and brief, and has instead made a Motion For A New Hearing.
Plaintiff freely admits that there was no error committed by Deputy Commissioner Dollar based upon the evidence that was presented to her at the hearing by plaintiff's previous attorney. Therefore, plaintiff's new attorney specifically chose to file the motion in lieu of filing a Form 44 and brief to attempt to pursue an appeal.
Plaintiff's Motion is based upon an affidavit obtained from Carolina Perkins, a co-employee, dated June 5, 1999. Ms. Perkins' affidavit disputes the accuracy of the videotapes entered as Plaintiff's Exhibit #1 and Defendant's Exhibits #1 and #2 at the initial hearing. Plaintiff's Motion also alleges that the manner in which her previous attorney conducted Dr. Stephen J. Dalrymple's deposition constituted "inadvertence or excusable neglect," contending that Dr. Dalrymple was not questioned properly by her former attorney.
Plaintiff's Motion further assigns as error the facts that she was not asked by either her attorney or defendant's attorney to demonstrate her body movements while performing her job duties, and that neither attorney elicited testimony as to the frequency of her body movements. The Motion also noted that no written job description was entered into evidence.
The undersigned have reviewed plaintiff's motion in detail and have come to the decision that it must be DENIED on the basis that it was not made within the time parameters considered by the Industrial Commission's Rules as well as on the basis that any evidence plaintiff currently would like entered into the record was clearly available for plaintiff to present at the time of the initial hearing.
In particular Workers' Compensation Rule 701(5) of the Rules of the Industrial Commission clearly contemplates that post-hearing motions to the Commission must be made during the process of an appeal. As there was no timely notice of appeal, there was no process of appeal. Plaintiff's motion was, therefore, not timely in this case. Further, Rule 60 requirements have not been met in that there can be no clear forecast of what the evidence would be if the decision were set aside and if the record were re-opened for another hearing.
More importantly, Rule 70l(7) of the North Carolina Workers' Compensation Rules provides that: "ruling on a motion for a new hearing to take additional evidence will be governed by the general law of the state for the granting of new trials on the grounds of newly discovered evidence." It is well established that in order for a new hearing to be granted, the plaintiff must show that the additional evidence is newly discovered and was not in existence at the time of the initial hearing. Hill v. HanesCorp., 79 N.C. 67, 339 S.E.2d 1 (Ct. Appeal 1986), review allowed,316 N.C. 376, 342 S.E.2d 895 (1986), aff'd in part, vacated inpart, 319 N.C. 167, 353 S.E.2d 392 (1987), appeal after remand,102 N.C. App. 46, 401 S.E.2d 768 (Ct.App. 1991), aff'd330 N.C. 189, 409 S.E.2d 912 (1991). Evidence which existed at the time of the initial hearing and was discoverable by due diligence should be presented at the time of the initial hearing and does not support relief from judgment. In the case at hand, the testimony of Carolina Perkins or other co-workers clearly was available to the plaintiff as of the date of the initial hearing, and plaintiff had every opportunity to produce witnesses to establish her normal work duties. Additional deposition testimony of Dr. Dalrymple would also have been available. Plaintiff's former attorney made judgments in the way he felt best to argue the case, and the mere fact that plaintiff or her current attorney may have presented her case in a different manner does not fall within the standard for allowing additional evidence following the entry of a decision. It has never been the judicial or legislative intent of the Act or the rules to allow a re-trying of a case already fully adjudicated, based upon the same evidence available at the time of the initial hearing.
Therefore, plaintiff's motion is HEREBY DENIED. The June 1, 1998 decision shall STAND AS WRITTEN.
This the ___ day of __________, 1999.
 S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER
JHB:kws